IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY KLEIN,

                    Plaintiff,                OPINION AND ORDER

             v.                          09-cv-733-bbc

RICK RAEMISCH,
MIKE THURMER and
GARY ANKARLO,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action under 42 U.S.C. § 1983, plaintiff Anthony Klein, a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin, alleges that defendants Rick Raemisch, Mike Thurmer and Gary Ankarlo used excessive force against him, failed to protect him from sexual assault, subjected him to conditions of confinement that constituted cruel and unusual punishment and failed to protect him from a serious risk of self-harm in violation of his rights under the Eighth Amendment. Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 and has made an initial partial payment as directed by the court under § 1915(b)(1).

1

Because plaintiff is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  However, plaintiff also is a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Having reviewed the proposed complaint, I conclude that plaintiff may not proceed at this time because his complaint violates Fed. R. Civ. P.  8 and possibly Rule 20.  Accordingly, I will reserve ruling on the merits of his complaint until he corrects these violations.

DISCUSSION

Plaintiff's complaint does not meet the requirements of Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although plaintiff's complaint is relatively short, it fails to provide sufficient detail to allow the court and defendants to understand how he thinks his constitutional rights were violated.  For example, he contends that unnamed defendants (1) "gassed" him because he smeared feces; (2) sexually assaulted him during a strip search by touching his buttocks; (3) illuminated his cell 24 hours a day, allowed ventilation ducts noisily to blow dust and lint and denied him outdoor recreation, exposure to natural sunlight and personal items; (4)

2

refused to wake him for meals, showers, medication or recreation; and (5) failed to protect him from harming himself.

In order to comply with Rule 8, plaintiff must provide more detail for each claim. Most of his claims are barebones statements of actions unnamed defendants have taken against him without any description of the context of those actions. For each claim, plaintiff must describe the incident, including when it occurred, who was involved in or responsible for each incident and how he was injured by defendants' actions.

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff will have until January 29, 2010 to file an amended complaint that fixes these problems. For plaintiff's sake, I note that if he wants to prove that any defendant has violated § 1983, he must show that the defendant took part in the constitutional violation or, if not, that he knew about the violation, could have stopped it and failed to do so. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Defendants Raemisch, Thurmer and Ankarlo are high-level officials or supervisors. Therefore, in order to proceed, plaintiff must allege facts showing that each of these defendants was involved personally in the alleged incidents of wrongdoing or were made aware of the incidents, had the power to address plaintiff's complaints and did not do so.

In addition, plaintiff should be aware that it is possible that his complaint violates Fed. R. Civ. P. 20, which bars plaintiffs from asserting separate claims against separate

3

defendants in one suit.  As the court of appeals held in <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007), plaintiff may join separate claims in the same lawsuit only if they are made against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20.  Thus, a claim that one set of prison officials gassed him will probably not belong in the same lawsuit as a claim that a different prison official failed to protect him from self-harm or denied him humane conditions of confinement.

At this stage in the proceedings, I cannot determine for sure whether the complaint violates Rule 20 because plaintiff has not identified exactly who did what to him or what each defendant did.  If plaintiff files a proposed amended complaint that provides that information but violates Rule 20, I will sever the separate claims into separate lawsuits.  At that point, plaintiff will have to decide which of the separate lawsuits he wishes to pursue.

ORDER

IT IS ORDERED that

1.  Plaintiff Anthony Klein's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2.  Plaintiff may have until January 29, 2010, in which to submit a proposed

4

amended complaint that complies with this rule.  If, by January 29, 2010, plaintiff fails to respond to this order, the clerk of court is directed to close this case and assess plaintiff a strike under 28 U.S.C. § 1915(g) for filing a complaint that fails to state a claim upon which relief can be granted.

3.  If, by January 29, 2010, plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening under 28 U.S.C. § 1915.

Entered this 11th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5